UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.R., <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General of the United States, Department of Justice, et al., <br><br> Respondents. | Case No.: 3:26-cv-03150-RBM-JLB <br><br> **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, MOTION TO SEAL, AND MOTION TO PROCEED UNDER A PSEUDONYM** <br><br> **[Docs. 1–3]** |

Pending before the Court are Petitioner P.R.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1), Motion to Seal Documents (Doc. 2), and Motion for Leave to Proceed Under Pseudonym ("Pseudonym Motion") (Doc. 3). For the reasons below, the Court **GRANTS** the Petition, the Motion to Seal, and the Pseudonym Motion.

## I.    BACKGROUND

Petitioner is a citizen of Mexico who entered the United States between 1980 and 1985, when he was between 12 and 15 years old. (Doc. 1 ¶ 19.) An immigration judge granted him voluntary departure and he was removed to Mexico in or about 1992. (*Id.*) He returned to the United States shortly thereafter. (*Id.*) On April 16, 2015, Petitioner was located by immigration officers, arrested, and removed to Mexico. (*Id.*)

1

Petitioner attempted to reenter the United States several times that year, but was apprehended and removed to Mexico each time. (*Id.*) During one of those attempts, Petitioner was kidnapped, tortured, and trafficked for labor by a drug cartel. (*Id.* ¶ 20.) Petitioner was able to escape after about a month, and when he entered the United States and was detained again, he identified two members of the cartel that had kidnapped him in his holding cell. (*Id.* ¶ 21.) Federal Bureau of Investigation agents took Petitioner's statement, provided him with a Form I-94, and took him to an FBI office inside the United States. (*Id.*) "Later, the FBI agents drove him to his neighborhood and dropped him off." (*Id.*) Petitioner has remained in the United States continuously since then, working as a food truck operator and raising four United States citizen children. (*Id.* ¶ 18.)

Petitioner has a criminal history: a conviction for driving under the influence of alcohol in 2009 and arrests without charge for burglary (1987), smuggling (1991), public intoxication (2007), and lewd act with a child of 14-15 years (2024). (*Id.* ¶ 24 (citing Doc. 1-3 at 1–2).) It is undisputed that neither the conviction nor any of the arrests without charge bring Petitioner under the detention scheme set forth in 8 U.S.C. § 1226(c).

On December 12, 2024, Immigration and Customs Enforcement ("ICE") arrested Petitioner at his home and served him with a Notice to Appear, charging him as removable from the United States under Immigration and Nationality Act § 212(a)(7)(A)(i)(I). (*Id.* ¶ 26.) Petitioner timely applied for asylum and related relief. (*Id.* ¶ 27.) The immigration judge denied all of Petitioner's applications and ordered Petitioner removed. (*Id.* ¶ 27.) Petitioner timely filed a notice of appeal with the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's order on April 27, 2026. (*Id.* ¶ 28.) Petitioner appealed the BIA's decision to the Ninth Circuit, and that appeal remains pending. (*Id.*)

Petitioner filed the Petition, Motion to Seal, and Pseudonym Motion on May 20, 2026. (Doc. 1–3.) The Court set a briefing schedule the next day. (Doc. 4.) Respondents filed their Response to Petition on May 28, 2026. (Doc. 6.) Petitioner filed his Traverse later that same day. (Doc. 7.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

### A.    Pseudonym Motion

Although petitioners must typically identify themselves in pleadings under Federal Rule of Civil Procedure 10(a), they may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule, or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal citation omitted). The Court must "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

Petitioner argues that he should be allowed to proceed pseudonymously because his claims "relate[ ] to torture by a well-known cartel," disclosure of the information in these proceedings "could lead to stigma and further harm for [Petitioner]," and there is no prejudice to Respondents because Petitioner has disclosed his identity to Respondents' counsel. (Doc. 3 at 1–6.) Respondents have not opposed the Pseudonym Motion.

The Court finds that Petitioner has demonstrated a sufficient need for anonymity and that the use of a pseudonym here will not prejudice Respondents or diminish the public's understanding of the issues or resolution of Petitioner's claim. Therefore, the Pseudonym Motion (Doc. 3) is **GRANTED**.

**B.      Motion to Seal**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citation omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

4

Petitioner seeks leave to file under seal the unredacted Exhibits A (Declaration of Dr. Deepa Dannidhi) (Doc. 1-2 at 1–24), B (Notice of Charges Declined) (Doc. 1-3 at 1–2), and C (Notice to Appear) (Doc. 1-4 at 2). (Doc. 2 at 1–3.) These portions of the Petition are "more than tangentially related to the merits of the case," so the compelling reasons standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102. Petitioner seeks to file them under seal because his "applications for relief from removal pursuant to asylum and related relief involve acts of torture, and his habeas corpus petition involves sensitive medical information." (Doc. 2 at 1–2.)

As to Exhibit A, "[i]t is generally accepted that there are compelling reasons to seal medical information." *Supple v. Bluecross Blueshield of Ill., Inc.*, 2026 WL 743392, at *2 (E.D. Cal. Mar. 17, 2026) (collecting cases). As to Exhibit B, the Notice of Charges Not Filed is an interagency memorandum from the Fresno District Attorney's Office to the Fresno Police Department explaining the decision to not file charges against Petitioner. (*See* Doc. 1-3 at 1–2.) This type of memorandum reveals the insights of government offices' charging decisions and should not be publicly disclosed. And as to Exhibit C, courts in this District routinely find that information in asylum applications that may identify petitioners and subject them to further harm meets the compelling reasons standard. *See, e.g.*, *Sultonkulov v. Casey*, Case No.: 26-CV-848 JLS (DEB), 2026 WL 784585, at *1 (S.D. Cal. Mar. 19, 2026) (sealing information related "to the substance of [the petitioner's] application for asylum, as well as his mother's"); *Ndandu v. Noem*, 819 F. Supp. 3d 1155, 1157 (S.D. Cal. 2026).

Accordingly, the Court **GRANTS** Petitioner's Motion to Seal. (Doc. 2.) The Clerk of Court is **DIRECTED** to file under seal Exhibits A–C of the Petition (Doc. 1).

**C.    Petition**

Petitioner argues that his detention violates the Due Process Clause, 8 U.S.C. § 1231(a)(6), and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 13–24.) Respondents do not substantively respond to Petitioner's arguments. It is undisputed that Petitioner "was previously released from immigration custody on parole

3:26-cv-03150-RBM-JLB

issued under 8 U.S.C. § 1182(d)(5)." (*See* Doc. 6 at 2.)  Accordingly, although "[i]t is the government's position that Petitioner is subject to mandatory detention under § 1225(b)(2), . . . the Government acknowledges that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts."  (*Id.*) Therefore, the Government "does not oppose the petition and defers to the Court on the appropriate relief." (*Id.* at 3.)

The Court finds that Petitioner is subject to the pre-removal detention statute, 8 U.S.C. § 1226(a).  As discussed above, it is undisputed that neither Petitioner's conviction nor his arrests without filed charges subject him to mandatory detention under § 1226(c).  Additionally, Petitioner is not yet subject to mandatory detention under 8 U.S.C. § 1231.  Although Petitioner's removal order is administratively final because the BIA affirmed the immigration judge's decision, the 90-day mandatory removal period of 8 U.S.C. § 1231 "has not yet begun because [Petitioner's] removal order is currently on appeal to the Ninth Circuit. . . .  The 'removal period' will not begin for Petitioner until 'the date of [the Ninth Circuit's] final order.'"  *Njai v. Gonzales*, No. CV 05-03704-PHX-SRB-(BPV), 2006 WL 4682074, at *3 (D. Ariz. June 16, 2006) (quoting 8 U.S.C. § 1231(a)(1)(B)(ii)).

The Court has granted petitions filed by similarly-situated petitioners.  *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025).  In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for many years.  *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)).  The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained on December 12, 2024, after having been paroled into the United States and residing here since 2015.  (Doc. 1 ¶¶ 18–19.)

6

Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

### IV.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS SO ORDERED.**

DATE: May 29, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

7

3:26-cv-03150-RBM-JLB